IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SHONTIL SIMMONS, <br><br> Plaintiff, <br><br> v. <br><br> SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF PRAIRIE VILLAGE <br><br> and <br><br> SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A BRIGHTON GARDENS OF PRAIRIE VILLAGE, <br><br> Defendants. | Case No. 19-2437-DDC-TJJ |

## MEMORANDUM AND ORDER

Plaintiff Shontil Simmons filed this employment discrimination action against Sunrise Senior Living Services, Inc. and Sunrise Senior Living Management, Inc. (collectively "Senior Living"). Her Amended Complaint (Doc. 25) asserts: (1) a race discrimination and harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e17 ("Title VII") (Count I); (2) a race discrimination and harassment claim under 42 U.S.C. § 1981 (Count II); (3) a discrimination claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12103 (Count III); and (4) a retaliation claim under Title VII, the ADA, and § 1981 (Count IV). Defendants have filed a partial Motion to Dismiss (Doc. 27). It asks the court to

dismiss part of Count IV.[1]  Plaintiff has responded (Doc. 31) and defendants have replied (Doc. 32).  For the reasons explained below, the court grants defendants' motion.

## I. Factual Background

The following facts come from the Amended Complaint and the court views them in the light most favorable to plaintiff.  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (stating "[w]e accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]" (quoting *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013))).

Plaintiff is an African American woman with "years of experience in management and healthcare."  Doc. 25 at 4 (Compl. ¶¶ 7, 14).  Defendants operate nursing facilities for senior adults.  Since 2003, plaintiff has held various positions with defendants.  They employed plaintiff as the Resident Care Director from October 2016 to December 2017.  Despite removing her from that position in December 2017 for failing to complete required training, defendants reinstated plaintiff to the position in February 2018.  Plaintiff asserts non-African American employees who failed to complete training requirements were not removed from their positions.

Plaintiff had a heart attack in January 2018, causing her to miss work.  She was bullied by her peers and forced to perform "impractical and unrealistic tasks [designed] to frustrate her, and make her feel inadequate, and unqualified for her position."  *Id.* at 5 (Compl. ¶ 24).  Defendants denied plaintiff's requests for staffing assistance but granted similar requests by non-African American employees.  And, plaintiff's work load was greater than that of her non-African American peers.

---

[1] Defendants' motion is limited to Count IV's retaliation claim under Title VII and the ADA.  Doc. 28 at 3 n.1.  Defendants have not moved to dismiss Count IV's retaliation claim "premised on alleged violations of Section 1981."  *Id.*

2

On a date unspecified in the Amended Complaint, plaintiff reported her concerns that defendants treated minority employees differently than non-minority employees. On June 22, 2018, plaintiff was disciplined "arbitrability." *Id.* (Compl. ¶ 28). Five days later, the Executive Director "pressured" plaintiff to resign from her position "due to her health." *Id.* (Compl. ¶ 29). Plaintiff reported the Executive Director's behavior, but defendants took no action. Plaintiff also reported that co-workers consumed alcohol while on duty, but defendants took no action.

In July 2018, defendants pressured plaintiff to "unjustly terminate a minority employee." *Id.* at 6 (Compl. ¶ 34). Plaintiff notified management, and again reported "other issues related to discrimination, harassment and hostile working conditions . . . ." *Id.* (Compl. ¶ 35). Defendants "ignored her complaints . . . ." *Id.* (Compl. ¶ 37). Ultimately, plaintiff resigned from her position on July 6, 2018 "due to the constant treatment she was receiving." *Id.* (Compl. ¶ 36).

On February 12, 2019, plaintiff filed race and disability discrimination charges against defendants with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff marked the "race" and "disability" boxes on her EEOC Charge. Plaintiff's Charge alleged defendants "subject[ed her] to different terms and conditions of employment," issued her a verbal warning for failing to report a patient's bedsores, and asked her to resign her position "because of [her] disability." Doc. 1-1 at 17. But plaintiff did not mark the box next to "retaliation" on her EEOC Charge. The EEOC issued a right to sue letter to plaintiff on March 26, 2019.

Plaintiff's First Amended Complaint asserts four claims against defendants: (1) race discrimination violating Title VII, (2) hostile work environment violating § 1981, (3) disability discrimination violations of the ADA, and (4) retaliation violations of Title VII, ADA, and § 1981. In their motion, defendants assert that plaintiff has failed to exhaust her administrative

remedies for her retaliation claims under Title VII and the ADA.[2] Invoking Rule 12(b)(6), defendants thus ask the court to dismiss plaintiff's retaliation claims under Title VII and the ADA. For reasons discussed below, the court grants defendants' motion.

**II.     Legal Standard**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). Although the court must assume that the complaint's factual allegations are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere

---

[2]     Defendants don't move to dismiss plaintiff's § 1981 retaliation claim, presumably because no administrative exhaustion requirement applies to § 1981 claims. *CBOCS W. Inc. v. Humphries*, 553 U.S. 442, 455 (2008); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1410 n.9 (10th Cir. 1997).

conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (first citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); then citing *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); then citing *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)). A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

**III.    Analysis**

Defendants ask the court to dismiss plaintiff's Title VII and ADA retaliation claims because she has failed to exhaust her administrative remedies. Defendants contend that plaintiff failed to exhaust her retaliation claims because she did not check the retaliation box on the charge filed with the EEOC and her discrimination charge "is devoid of any mention of retaliation." Doc. 28 at 1. And, they say, "no reasonable reader could conclude that [p]laintiff engaged in protected activity or that she asserts a claim for retaliation." *Id.* at 6.

Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional bar to suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). But the "distinction between a jurisdictional requirement and an affirmative defense is immaterial" in a case where a party has "'properly presented' [the issue] for decision." *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quoting *McQueen ex rel McQueen v. Colo. Springs Sch. Dist.*

5

*No. 11*, 488 F.3d 868, 873 (10th Cir. 2007)). The exhaustion rule has two principal purposes: (1) "to give notice of the alleged violation to the charged party;" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith*, 904 F.3d at 1164 (citations and internal quotation marks omitted). So, to promote the purposes of the exhaustion rule, "plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" *Id.* (quoting *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)). Although courts "'liberally construe' the plaintiff's allegations in the EEOC charge, 'the *charge* must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]'" *Id.* (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)) "The ultimate question is whether the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]." *Id.* at 1164–65 (citations and internal quotation marks omitted).

Plaintiff concedes she did not check the "retaliation" box on her EEOC charge. Instead, she contends, her EEOC charge encompassed retaliation because it alleged that she was "discipline[d] for reporting certain actions," "subjected to different terms and conditions of her employment," and subjected to "a hostile work environment." Doc. 31 at 4. Plaintiff also recites her statement on the EEOC charge, which alleged, in part, that she "received a Verbal Warning . . . for not reporting a patient's bedsores in the morning meeting." *Id.* at 5. Plaintiff contends the court should liberally construe her EEOC charge because she was not represented by counsel when she filed it.

Defendants' Reply argues that plaintiff fails to support her argument that her EEOC charge is entitled to liberal construction with applicable case law. And, because she failed to check the retaliation box on the EEOC charge, defendants argue, plaintiff "has failed to rebut the presumption that she did not exhaust her administrative remedies . . . ." Doc. 32 at 2.

The court agrees with defendants. The court must "liberally construe[]" plaintiff's EEOC charge "at all levels of review." *Smith*, 904 F.3d at 1166. But no construction of plaintiff's EEOC charge—liberal or otherwise—can encompass her retaliation charge under Title VII or the ADA.

Plaintiff's reliance on *Jones v. U.P.S., Inc.* is misplaced. *Jones* concluded, plaintiff contends, that the plaintiff had exhausted a retaliation claim that was not included on the plaintiff's intake questionnaire. Doc. 31 at 5 (discussing *Jones*). But plaintiff's situation here is different than the retaliation claim at issue in *Jones*. There, the court noted that despite his failure to check the retaliation box on one page of his form, the plaintiff checked the retaliation box on a different page of his form. *Jones*, 502 F.3d at 1187. And, the plaintiff's retaliation charge was based on the same facts as his other claims. So, the court reasoned, an investigation of the plaintiff's retaliation claim reasonably could follow his other claim. *Id.* But *Jones* considered another of the plaintiff's claims that defendant alleged he failed to exhaust: failure-to-accommodate. There, the plaintiff had failed to check any box arguably related to a failure-to-accommodate claim. And, the charge contained no facts to "prompt an investigation" of a failure-to-accommodate claim. *Id.* The court thus concluded the plaintiff had failed to exhaust his remedies for his failure-to-accommodate claim. *Id.*

Here, plaintiff did not check the "retaliation" box on her EEOC charge.[3] Nor did she allege any facts that could support a retaliation claim. Plaintiff's EEOC charge contends that she was "subjected to different terms and conditions of employment," asked to resign because of her disability, and disciplined "for not reporting a patient's bed sores." Doc. 1-1 at 17. Plaintiff attempts to argue that she was disciplined "*for* reporting bedsores in a meeting." Doc. 31 at 2 (emphasis added). But that is not what plaintiff alleged in her EEOC charge. Instead, the EEOC charge contends she was disciplined for *failing* to report a patient's bedsores. But even if the court accepts plaintiff's assertion in her Complaint over the one in her EEOC charge, reporting a patient's bedsores is not protected activity under Title VII or the ADA. *See* 42 U.S.C. §§ 2000e-2, 2000e-3 (outlining unlawful employment practices); 42 U.S.C. §§ 12101–12103. And, plaintiff's EEOC charge does not allege she was disciplined for any reason other than her failure to report bedsores. So, the EEOC charge does not allege any other facts that fairly could be construed to support a retaliation claim. *See Smith*, 904 F.3d at 1165 ("[T]he reasonable and likely scope of the investigation is determined by the allegations contained in the Charge itself . . . ."). And, so, because plaintiff's Title VII and ADA retaliation claims are not plausibly within the scope of her EEOC charge, she has failed to exhaust her administrative remedies for these two kinds of a retaliation claim. *See id.* at 1164, 1166 (affirming district court's dismissal of Title VII claims for failure to exhaust and noting that the "distinction between a jurisdictional requirement and an affirmative defense" is only material "when the defendant has waived or forfeited the issue"); *see also Tony B. Ross v. Pentair Flow Techs., Inc.*, No. 19-2690-SAC, 2020

---

[3] The court may consider plaintiff's EEOC charge because plaintiff incorporated it into her Complaint and the parties do not dispute the document's authenticity. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (a court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (citation and internal quotations omitted)).

WL 1028304, at *4 (D. Kan. Mar. 3, 2020) (dismissing discrimination claim for failure to exhaust under Rule 12(b)(6) because the claim was not "within the scope of the administrative investigation that would reasonably be expected to follow" from the acts alleged (quoting *Smith*, 904 F.3d at 1165 (internal quotation marks omitted)); *Giardina v. Brennan*, No. 5:18-cv-04116-HLT-TJJ, 2019 WL 5424762, at *5–6 (D. Kan. Oct. 23, 2019) (dismissing age discrimination claim under Rule 12(b)(6) for failure to exhaust and citing *Smith*). The court thus grants defendant's partial Motion to Dismiss Count IV of the Amended Complaint (Doc. 27). The court dismisses Count IV's retaliation claims premised on Title VII and the ADA without prejudice. *Smith*, 904 F.3d at 1166 (noting that dismissal of Title VII claims for failure to exhaust should be without prejudice). But Count IV's retaliation claim under § 1981 remains.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' partial Motion to Dismiss Count IV of the Amended Complaint (Doc 27) is granted. The court dismisses Count IV's retaliation claims premised on Title VII and the ADA without prejudice. But Count IV's § 1981 retaliation claim remains.

**IT IS SO ORDERED.**

**Dated this 16th day of March, 2020, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**